UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HEIDI C. WOODSUM,

      Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

      Defendant.

Case No. C16-5219-RAJ

**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**

## I.   INTRODUCTION

This matter is before the Court on the Commissioner of Social Security's Motion to Alter or Amend the Judgment. Dkt. 16. The matter has been fully briefed. After considering and reviewing the record, the Court concludes that this Court's original opinion and judgment did not rest on any manifest error of law or fact and, accordingly, the motion is denied.

## I.   STANDARD OF REVIEW

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER DENYING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT - 1

the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id*. (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id*.; *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011). This Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

      The Commissioner's motion does not identify which ground for relief it relies upon. Dkt. 16. However, the motion does not appear to present newly discovered or previously unavailable evidence, allege manifest injustice or cite an intervening change in controlling law. *Id.* Accordingly, the Court will construe the Commissioner's motion as alleging a manifest error in law or fact.

## II.   THE COURT'S ORIGINAL OPINION AND JUDGMENT

      In the original opinion, the Court found that the ALJ erred in failing to apply a proper drug addiction and alcoholism (DAA) analysis and that the error was not harmless. Dkt. 15. Specifically, the Court found, in relevant part, that,

> [In] the first instance, the ALJ should have evaluated the severity of Ms. Woodsum's polysubstance abuse at step two. Moreover, given that substance abuse plays a significant role in the ALJ's evaluation of the evidence, the ALJ was required to conduct a specific DAA analysis. 20

> C.F.R §§ 404.1535, 416.935; 42 U.S.C. § 423(d)(2)(C).  Here, the ALJ erred in failing to do so.  The ALJ did not mention or discuss the application of a DAA analysis in his decision.  As noted above, the ALJ was required to conduct the five-step inquiry without first determining the impact of substance abuse on Ms. Woodsum's other impairments.  *See Bustamante*, 262 F.3d 949.  Instead, as evidenced by the findings mentioned above, the ALJ improperly conducted the initial five-step inquiry prematurely separating out the impact of DAA on Ms. Woodsum's mental impairments.
>
> In sum, although substance abuse was a major consideration in the ALJ's nondisability determination, the ALJ erred by failing to apply the regulations and Ninth Circuit case law requiring the ALJ to apply a specific two-step DAA analysis.  This error is not harmless as it renders the ALJ's findings here unreliable.  Remand is required because the Court cannot itself apply the five-step disability inquiry, including the two-step substance abuse analysis.  Rather it is the role of the ALJ, not the Court, to properly evaluate Ms. Woodsum's disability claim….
>
> The Court is aware that the parties did not specifically challenge the ALJ's failure to apply the two-step DAA analysis. …  Normally, the Court need not address errors that are not specifically and distinctly argued.  However, the ALJ's failure to apply the proper DAA analysis is in the nature of a structural error and central to the validity of the disability determination process…  Moreover, even if considered under a harmless error analysis, the ALJ's "muddled consideration" of Ms. Woodsum's substance abuse prevents a clear determination that the error was harmless.

Dkt. 14 at 8-10.  The Court also noted that, although Ms. Woodsum did not directly challenge the ALJ's failure to apply the DAA analysis, she did "challenge the ALJ's rejection of Dr. [Terilee] Wingate's opinions based on her failure to account for the impact of substance abuse on Ms. Woodsum's mental impairments."  *Id.* at 10.  The Court further found that "the ALJ erred in failing to address Dr. Wingate's November 2011 opinion entirely and that, in reevaluating the evidence and applying the proper DAA analysis on remand, the ALJ should also address that opinion."  *Id.* at 9.  Accordingly, the Court reversed the Commissioner's final decision and remanded the matter for further administrative proceedings.  *Id.* at 10-11.

### III.   DISCUSSION

The Commissioner does not dispute that the ALJ erred in failing to conduct the two-step

DAA analysis required by the regulations and Ninth Circuit case law. Dkt. 16. Rather, the Commissioner appears to argue that the Court committed a manifest error of law or fact in not finding the ALJ's error was harmless. *Id.* The Commissioner argues that the ALJ's failure to perform the two-step DAA separation analysis in this case was harmless because the ALJ "expressly identified a period of abstinence and relied on a medical opinion from that period." *Id.* at 1-2. The Commissioner advocates for her own interpretation of the ALJ's decision but fails to establish the Court committed a manifest error in law or fact.

      The Commissioner argues that *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007) supports the argument that "[a]n ALJ's failure to perform the two-step DAA separation analysis is harmless if the ALJ focused on whether abstinence from DAA would cure the claimant's disability." *Parra*, 481 F.3d 742; Dkt. 16 at 2. However, the Commissioner's reliance on *Parra* here is misplaced. *Parra*, 481 F.3d 742. In *Parra*, the claimant alleged disability due to alcoholism and bursitis. *Id.* at 745-46. The ALJ rejected the bursitis claim and found the claimant "disabled due to heavy alcohol consumption and intoxication" and also that he could have recovered from the "moderately severe but curable cirrhosis of the liver" if he had quit drinking prior to 1999. *Id.* Thus, ultimately the ALJ found the claimant ineligible for disability benefits because his disability would have resolved if he had quit drinking. *Id.* The Ninth Circuit in *Parra* noted that the ALJ's decision was less than clear as to whether he had conducted a full initial five-step analysis to determine whether a disability existed prior to conducting the DAA analysis. *Id.* However, the Court found any error harmless because the ALJ "assumed that Parra's cirrhosis was disabling" in deciding his alcoholism was material to his cirrhosis. *Id.* at 747. Here, it is not at all clear that the ALJ assumed Ms. Woodsum's major depressive disorder and posttraumatic stress disorder were disabling prior to attempting to separate out the impact of her substance

ORDER DENYING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT - 4

abuse during the initial sequential analysis.  Moreover, in *Parra*, in contrast to the instant case, the ALJ found the claimant's only severe impairment was alcohol-related.  *Parra*, 481 F.3d at 746.  Here, the ALJ found Ms. Woodsum suffered from severe impairments of major depressive disorder and posttraumatic stress disorder and failed to even include substance abuse as a separate severe impairment at step two.  Tr. 14.  Thus, *Parra* is distinguishable from the instant case and does not support the Commissioner's contention that the Court committed a manifest error in fact or law in finding that the ALJ's failure to apply a proper DAA analysis, in this case, was not harmless.  *Parra*, 481 F.3d 742; Dkt. 14 at 10; *see Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless").[2]

The Commissioner also does not challenge the Court's original determination that the ALJ erred in failing to address Dr. Wingate's November 2011 opinion entirely.  *See* Dkt. 14 at 9 n. 7.  It is worth noting that the ALJ attempted to discount Dr. Wingate's 2012 and 2014 opinions in part based on their failure to take into account Ms. Woodsum's substance abuse and the impact it has on her mental impairments.  Tr. 19-20.  However, Dr. Wingate's November 2011 opinion, which the ALJ fails to address, was issued prior to the instances of intoxication in

---

[2] The Commissioner also argues that any error in the ALJ's failure to consider substance abuse a severe impairment at step two was harmless because the ALJ considered its effects throughout the sequential evaluation. Dkt. 16 at 3.  However, this is not true.  For instance, the ALJ did not indicate whether he was analyzing Ms. Woodsum's impairments at step three of the sequential evaluation process with or without the impact of substance abuse. Tr. 14-15.  The determination at step three as to whether a claimant meets a listed impairment is separate and distinct from the RFC determination.  *See* SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). ("The [ALJ] must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."). Moreover, as discussed above, the ALJ improperly considered substance abuse at subsequent steps in attempting to prematurely factor out its effects before determining whether Ms. Woodsum's impairments, considered together, were disabling.

ORDER DENYING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT - 5

2012 and 2013 which the ALJ cites as inconsistent with Ms. Woodum's account of sobriety to Dr. Wingate in her August 2012 and June 2014 evaluations. *Id.*

In sum, the Commissioner does not demonstrate that, considering the facts of this case and the law, the Court committed a clear error in finding remand appropriate. Accordingly, the Commissioner fails to justify her request for the extraordinary remedy of altering or amending the Court's judgment.

## IV.   CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Alter or Amend the Judgment (Dkt 16) is denied.

DATED this 28th day of March, 2017.

*(signature)*

The Honorable Richard A. Jones
United States District Judge